UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 25-02654-MCS (DFM) | Date: | April 16, 2025 |
|---|---|---|---|
| Title | Lester Brown v. Lepe | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge | |
|---|---|---|
| Nancy Boehme | | Not Present |
| Deputy Clerk | | Court Reporter |
| Attorney(s) for Plaintiff(s): | | Attorney(s) for Defendant(s): |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

### I. INTRODUCTION

Petitioner Lester Brown is a federal prisoner proceeding pro se with a petition for writ of habeas corpus ("Petition") under 28 U.S.C. § 2241. See Dkt. 1.

Petitioner was convicted in the Western District of Missouri of conspiracy to commit cyberstalking, cyberstalking resulting in death, and being a felon in possession of a firearm. See id. at 1, 2. The district court sentenced Petitioner to life plus 180 months' imprisonment. See id. The Eighth Circuit affirmed the judgment of the district court. See id. at 2. Petitioner is currently incarcerated at USP Victorville in Victorville, California. See id. at 1.

Rule 4 allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases; see also Gutierrez v. Griggs, 695 F.2d 1195, 1198 (9th Cir. 1983) (Rule 4 "explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated").

For the reasons set forth below, Petitioner is ORDERED TO SHOW CAUSE within twenty-eight (28) days why the Petition should not be dismissed or transferred to the Western District of Missouri based on lack of jurisdiction.

### II. DISCUSSION

"In order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000). Challenges to the legality of a federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

conviction or sentence generally must be made under 28 U.S.C. § 2255 in the sentencing court, whereas challenges to the manner, location, or conditions of a sentence's execution must be filed under 28 U.S.C. § 2241 in the custodial court. See Jones v. Hendrix, 599 U.S. 465, 469 (2023); Pinson v. Carvajal, 69 F.4th 1059, 1066 (9th Cir. 2023). Here, Petitioner challenges the legality of his underlying conviction and sentence, reiterating the same claims raised on direct appeal. See Petition at 6-7. Accordingly, Petitioner ordinarily must proceed by a motion in the sentencing court under § 2255, which in this case is the Western District of Missouri.

To proceed in the custodial court, the Petition must qualify for Section 2255's savings clause. Section 2255(e) permits a federal prisoner to file a § 2241 petition to contest the legality of a sentence if his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The savings clause exception is narrow. See Jones, 599 U.S. at 482 (explaining savings clause does not "mean[ ] that § 2241 is available whenever a prisoner is presently unable to file a § 2255 motion"). To show § 2255's remedy is inadequate or ineffective, a petitioner must (1) make a claim of actual innocence, and (2) show that he has not had an unobstructed procedural shot at presenting that claim. See Shephard v. Unknown Party, Warden, FCI Tucson, 5 F.4th 1075, 1076 (9th Cir. 2021).

Thus far, the Petition fails both prongs. To show actual innocence, Petitioner must demonstrate that, "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Muth v. Fondren, 676 F.3d 815, 819 (9th Cir. 2012) (citation omitted). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." Id. (citation omitted). Petitioner alleges that the district court "refuses to apply the rules of evidence 801 and 802 correctly." Petition at 5. Petitioner's dissatisfaction with the district court's evidentiary rulings is a purely legal claim and does not establish factual innocence.

Second, Petitioner does not demonstrate that he was denied an unobstructed procedural shot at presenting his claims. Petitioner contends that he has already filed a § 2255 motion but lists the case number as "n/a" and the date of filing as "pending." The Court was unable to locate any federal habeas petitions filed in the Western District of Missouri. Therefore, the Petition likely does not qualify for the savings clause.

### III.   CONCLUSION

The Court does not appear to have jurisdiction over Petitioner's claims because they fall under § 2255, not § 2241. Petitioner is therefore ORDERED TO SHOW CAUSE within twenty-eight (28) days why the Petition should not be dismissed or transferred to the Western District of Missouri. Petitioner's failure to respond to this Order by the above deadline will result in a recommendation of dismissal.